IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| GLORIA J. LANGE and DON R. LANGE, Individually and as Husband and Wife<br>  Plaintiff,<br><br>vs.<br><br>TEXAS ROADHOUSE OF TEXARKANA, LTD.,<br>  Defendants. | § § § § § § § § § § § | No. 507CV045<br>JURY |

## DEFENDANT, TEXAS ROADHOUSE OF TEXARKANA, LTD.'S MOTION TO EXCLUDE TESTIMONY OF PLAINTIFFS' EXPERT, RUSSELL J. KENDZIOR

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, Texas Roadhouse of Texarkana, LTD. (hereinafter "Texas Roadhouse"), and files its Motion to Exclude Testimony of Plaintiffs' Expert, Russell J. Kendzior, and would respectfully show the Court as follows:

INTRODUCTION

Plaintiffs are Gloria J. Lange and Don R. Lange, Individually and as Husband and Wife (hereinafter "the Langes" or "Plaintiffs"). Defendant is Texas Roadhouse of Texarkana, LTD.

Plaintiffs sued Defendant for injuries allegedly sustained while on the premises owned and operated by the Defendant. Plaintiffs have designated Russell J. Kendzior as an expert to testify regarding the purported existence of peanuts or peanut shells on the floor of Defendant's restaurant, which Plaintiffs allege to be the proximate cause of Plaintiff's purported fall and resulting injuries. The Court should exclude the testimony

Gloria J. Lange and Don R. Lange, Individually and as Husband and Wife v. Texas Roadhouse of Texarkana, Ltd.
Defendant's Motion to Exclude Testimony of Plaintiffs' Expert, Russell J. Kendzior
Page 2

of Plaintiffs' expert because his testimony is neither reliable nor helpful to the jury.

## ARGUMENT

A Court should exclude the testimony of an expert if it is not reliable. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 119 S. Ct. 1167 (1999); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 113 S. Ct. 2786 (1993). In both *Kumho* and *Daubert*, the Supreme Court held that district judges act as "gatekeepers" for all expert testimony by evaluating the offered testimony to determine whether it satisfies the requirements of Federal Rule of Evidence 702 which states:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In the instant case, Plaintiffs' expert, Russell J. Kendzior's, opinions are not reliable, and therefore, his opinions and testimony should be excluded. First, his conclusions are based on unreliable, incomplete, and insufficient data. In his report, Mr. Kendzior's states that his opinion is based on "Plaintiffs' original petition and request for disclosure, Plaintiffs' statements, statements and affidavits of Mr. Ronnie Jordan[1] and Ms. Linda Jones, Texas Roadhouse's guest incident report, Defendant's objections, 'Saddle Up With Safety'/Company Safety and maintenance policies, and a series of photographs of the restaurant." However, there is no indication that Mr. Kendzior reviewed Plaintiff, Gloria Lange's extensive medical records which are in the possession of Plaintiffs' counsel. Said medical records reveal that several years prior to the incident

---

[1] Defendant assumes Mr. Kendzior is referring to Ronny Howell, who gave an Affidavit in this case. Defendant's counsel is not aware of a witness in this case named Ronnie Jordan.

Gloria J. Lange and Don R. Lange, Individually and as Husband and Wife v. Texas Roadhouse of Texarkana, Ltd.
Defendant's Motion to Exclude Testimony of Plaintiffs' Expert, Russell J. Kendzior
Page 3

made the basis of Plaintiffs' complaint, Plaintiff, Gloria Lange's, right leg gave way, resulting in a broken right leg, and she was later determined to be at a high risk for future falls. These facts, which Mr. Kendzior did not take into consideration in forming his opinions, are relevant to the issue of causation, which is heavily disputed in this case. In this respect, Mr. Kendzior did not account for alternative explanations for the cause of Plaintiff's alleged fall, as is required. *Claar v. Burlington N.R.R.*, 29 F.3d 499, 502 (9th Cir. 1994).

In addition, Mr. Kendzior's report makes the assumption that there were peanuts or peanut shells on the floor in the area and at the time of the incident in question, which in his opinion caused Mrs. Lange to slip and fall. He further opines that Defendant was negligent in this regard. However, there are no facts to support Mr. Kendzior's assumption that peanuts or peanut shells were present on the floor at the location where Mrs. Lange fell. To the contrary, the affidavits of Ronny Howell and Linda Jones, information Mr. Kendzior indicated he reviewed, indicate that neither peanuts, nor peanut shells were present where Mrs. Lange allegedly fell. *See* Affidavit of Ronny Howell, attached hereto as Exhibit "A" and Affidavit of Linda Jones, attached hereto as Exhibit "B." This further establishes that Mr. Kendzior's opinions are not reliable.

Further, Mr. Kendzior's opinions are not the product of reliable principles or methods. As a basis for his opinions, Mr. Kendzior refers to certain sections of the "Standard Practice for Safe Walking Services" published by the American Society of Testing and Materials (ASTM) and section 8 of the American National Standards Institute standards. These are simply standards and guidelines, not reliable principles or methods. Mr. Kendzior's report does not identify any principles or methods used in

Gloria J. Lange and Don R. Lange, Individually and as Husband and Wife v. Texas Roadhouse of Texarkana, Ltd.
Defendant's Motion to Exclude Testimony of Plaintiffs' Expert, Russell J. Kendzior
Page 4

formulating his opinions.

In *Daubert*, the Supreme Court set forth several "general observations" or factors for a court to consider when evaluating the reasoning or methodology underlying the expert's testimony. 509 U.S. at 593. One of the factors identified in *Daubert* is whether the theory or technique underlying the expert's opinion can be or has been tested. 509 U.S. at 593. In the present case, there is no indication that Mr. Kendzior has conducted any studies or analyses to substantiate his opinions.

Another factor identified in *Daubert* is the technique's known or potential rate of error and the existence and maintenance of standards controlling the technique's operation. *Daubert*, 509 U.S. at 594. Mr. Kendzior's report does not address this factor.

The Court in *Kumho* made it clear that the Court can consider other factors when appropriate to ensure that the expert employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field. *Kumho*, 526 U.S. at 152, 119 S. Ct. at 1176. Such other factors would certainly include the purpose of said expert's opinion and report. In the present case, Mr. Kendzior's opinions were generated solely for this pending litigation.

## REQUEST FOR HEARING

Defendant, Texas Roadhouse of Texarkana, LTD., requests that the Court hold a pretrial hearing to evaluate the reliability of Russell J. Kendzior's opinions, report and proffered testimony. Said hearing is necessary because the reliability of Russell J. Kendzior's report and proffered testimony cannot be taken for granted.

WHEREFORE, PREMISES CONSIDERED, Defendant, Texas Roadhouse of Texarkana, LTD., requests the Court set this Motion to Exclude Testimony of Plaintiffs'

**Gloria J. Lange and Don R. Lange, Individually and as Husband and Wife v. Texas Roadhouse of Texarkana, Ltd.**
**Defendant's Motion to Exclude Testimony of Plaintiffs' Expert, Russell J. Kendzior**
**Page 5**

Expert, Russell J. Kendzior, for a hearing and exclude the testimony of Plaintiffs' expert, Russell J. Kendzior; and Defendant further requests all such other and further relief to which it is justly entitled.

Respectfully submitted,

/s/Lisa R. Crittenden
Lisa R. Crittenden
TSB# 24001945
E-Mail:lisacrittenden@gooding-crittenden.com
William C. Gooding
TSB# 08151500
E-Mail:billgooding@gooding-crittenden.com
GOODING & CRITTENDEN, L.L.P.
2005 Moores Lane
Post Office Box 6168
Texarkana, Texas 75505-6168
Telephone: (903)794-3125
Telecopier: (903)792-4708

ATTORNEYS FOR DEFENDANT,
TEXAS ROADHOUSE OF TEXARKANA, LTD.

Gloria J. Lange and Don R. Lange, Individually and as Husband and Wife v. Texas Roadhouse of Texarkana, Ltd.
Defendant's Motion to Exclude Testimony of Plaintiffs' Expert, Russell J. Kendzior
Page 6

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing **DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF PLAINTIFFS' EXPERT WITNESS, RUSSELL J. KENDZIOR** has been served on all counsel of record via:

|   |   |
|---|---|
| _____ | Hand Delivery |
| _____ | Regular Mail |
| _____ | Certified Mail – Return Receipt Requested |
| _____ | Facsimile |
| _____ | Overnight Mail |
| _____ | Federal Express |
| __X__ | E-File |

on this the 1st day of May, 2008.

/s/Lisa R. Crittenden
LISA R. CRITTENDEN