IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| GLORIA J. LANGE and DON R. LANGE, Individually and as Husband and Wife, | § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | No. 507CV045 JURY |
| TEXAS ROADHOUSE OF TEXARKANA, LTD., | § § § | |
| Defendant. | § | JUDGE CRAVEN |

## PLAINTIFFS' RESPONSE TO DEFENDANT TEXAS ROADHOUSE OF TEXARKANA, LTD.'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, PLAINTIFFS Gloria J. Lange and Don R. Lange, Individually and as Husband and Wife, (hereinafter referred to as Plaintiffs) and files their Response to Defendant, Texas Roadhouse of Texarkana, Ltd.'s Motion for Summary Judgment. Plaintiffs ask the Court to deny defendant's Motion for Summary Judgment and would respectfully show unto the Court as follows:

### A. Introduction

1. Plaintiffs are Gloria J. Lange and Don R. Lange; Defendant is Texas Roadhouse of Texarkana, Ltd.

2. On March 26, 2007, Plaintiffs filed suit against Defendant for personal injuries sustained by Plaintiff Gloria Lange in a fall that occurred June 17, 2005 on premises owned and controlled by Defendant.

Gloria Lange and Don R. Lange, Individually and as Husband and Wife vs. Texas Roadhouse of Texarkana, Ltd
Plaintiffs' Response to Defendant's Motion for Summary Judgment
Page 1 of 10

3. On May 10, 2007, Defendant Texas Roadhouse of Texarkana, Ltd., filed its Original Answer to the lawsuit and filed its Amended Answer on January 8, 2008.

4. On April 22, 2008, Defendant Texas Roadhouse of Texarkana, Ltd., filed a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56, alleging there is no genuine issue of material fact.

5. Summary Judgment is improper in this case because there are genuine issues of fact in this case and those issues should be submitted to the jury.

### B. Statement of Facts

6. Plaintiff Gloria Lange and her husband, Don Lange were business invitees at the Texas Roadhouse in Texarkana, Texas on June 15, 2005. Plaintiff Gloria Lange was walking through the bar area on a particularly busy Friday. Plaintiff was walking with small, carefully guarded steps. *Please see Exhibit E, Deposition of Plaintiff Gloria Lange and Exhibit D, Deposition of Witness Ronnie Howell.* All of a sudden, she took a step when her left leg slipped out from under her " in a pratfall type split". *Please see Exhibit E, Deposition of Plaintiff Gloria Lange.* One leg, the right one ended up underneath her body following her fall. *Please see Exhibit E, Deposition of Plaintiff Gloria Lange and Exhibit C, Deposition of Witness Linda Jones.* Plaintiff was rushed to Christus St. Michael Health System, where five days later her right left was amputated above the knee. *Please see Exhibit E, Deposition of Plaintiff Gloria Lange; Medical Records of Christus St. Michael Health System.*

### C. Standard of Review

**Gloria Lange and Don R. Lange, Individually and as Husband and Wife vs. Texas Roadhouse of Texarkana, Ltd**
**Plaintiffs' Response to Defendant's Motion for Summary Judgment**
**Page 2 of 10**

7. Although summary judgment is proper in any case where there is no genuine issue of material fact, this is not a case in which the court should grant summary judgment. Federal Rule Civil Procedure 56 (c ); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).

8. A defendant who seeks summary judgment on a Plaintiff's cause of action <u>must</u> demonstrate the absence of a genuine issue of material fact by either (1) submitting summary judgment evidence that negates the existence of a material element of a plaintiff's claim or (2) showing there is no evidence to support an essential element of Plaintiff's claim. *J. Geils Band Employee Benefit Plan vs. Smith Barney Shearson, Inc.,* 76 F.3d 1245, 1251 (1st Cir. 1996); *See Celotex Corp.,* 477 U.S. at 322-23, 106 S.Ct. at 2552-53. Defendant cannot rely on conclusory statements to establish that Plaintiff has not presented evidence on an essential element of her claim. Rather, defendant must demonstrate an absence of genuine factual dispute. *See Celotex Corp.,* 477 U.S. at 327, 106 S.Ct. at 2555. Only if defendant meets its burden is plaintiff required to respond by summary judgment proof to show a genuine issue of material fact. Federal Rule of Civil Procedure 56 (e).

9. In determining whether there is a disputed issue of material fact that precludes summary judgment, the court must consider all evidence <u>in the light most favorable to the plaintiff as nonmovant</u>. *Garcia v. Pueblo Country Club,* 299 F.3d 1233, 1236-37 (10th Cir. 2002).

### D. <u>Argument</u>

Gloria Lange and Don R. Lange, Individually and as Husband and Wife vs. Texas Roadhouse of Texarkana, Ltd
Plaintiffs' Response to Defendant's Motion for Summary Judgment
Page 3 of 10

10. Plaintiff Gloria Lange was a business invitee on the premises of Defendant Texas Roadhouse of Texarkana, Ltd. Plaintiff must prove the following essential elements to prevail in a premises liability case as a business invitee: (1) the defendant had actual or constructive knowledge of a condition of his premises; (2) the condition imposed an unreasonable risk of harm; (3) the defendant failed to exercise reasonable care to reduce or eliminate the risk; and (4) such failure proximately caused injury to the plaintiff. *Dallas Market Center Development Co. v. Liedeker,* 958 S.W.2d 382, 385 (Tex. 1997). Furthermore, there are three ways that a defendant's knowledge of a condition may be proved: (1) proof that its employees caused the harmful condition; (2) proof that the employees saw or were told of the harmful condition prior to the plaintiff's injury; or (3) proof that the harmful condition was present so long that it should have been discovered in the exercise of reasonable care. *Wright v. Wal-Mart Stores, Inc.,* 73 S.W.3d 552 (Tex. App.-Houston [1st Dist.] 202, no pet. H.) The business invitee need only prove that the owner knew or reasonably should have known of the harmful condition. *Please see Exhibit I, Plaintiff's Expert Russell Kendzior's Report.*

11. It is the duty of care for the landowner to exercise care to protect them not only from those risks of which the owner is actually aware, but also those of reasonable inspection. *Wal-Mart Stores, Inc. v. Reece,* 81 S.W.3d 812, 814 (Tex. 2002); *Wal-Mart Stores, Inc. v. Gonzalez,* 968 S.W.2d 934, 936 (Tex. 1998). The owner is considered to have constructive knowledge of any premises defects or other dangerous conditions that a reasonable careful inspection would reveal. *Corbin v. Safeway Stores, Inc.,* 684 S.W.2d 292, 295 (Tex. 1983). Proof of such

**Gloria Lange and Don R. Lange, Individually and as Husband and Wife vs. Texas Roadhouse of Texarkana, Ltd**
**Plaintiffs' Response to Defendant's Motion for Summary Judgment**
**Page 4 of 10**

knowledge requires the plaintiff to establish that the condition of the premises existed long enough for the owner, occupier or possessor to discover it upon a reasonable inspection. *CMH Homes v. Daenen,* 15 S.W.3d 97, 102-103 (Tex. 2000); *Corbin v. Safeway Stores, Inc.,* 684 S.W.2d 292 at 295; *Exhibit H, Deposition of Plaintiff's Expert Russell Kendzior.*

12. The carefully crafted affidavits of Ronnie Howell and Linda Jones filed with the Defendant's Motion for Summary Judgment fail to mention peanuts on the premises although the first recorded statements of the witnesses clearly comment on the peanuts. *Please see Exhibit A, Statement of Witness Ronnie Howell and Exhibit B, Statement of Witness Linda Jones.* That information was left out of the affidavits. One would wonder why. *Please see Exhibit D, Deposition of Ronnie Howell and Exhibit C, Deposition of Linda Jones.*

13. In general, an owner or occupier of land is obligated by the duties imposed by the premises liability doctrine. *Clayton W. Williams, Jr., Inc. v. Olivo,* 952 S.W.2d 523, 527 (Tex. 1997). "[A]n owner/occupier of land generally has a duty to use reasonable care to make and to keep the premises safe for business invitees". *Clayton W. Williams, Jr., Inc. v. Olivo,* 952 S.W.2d 523, 527 (Tex. 1997). Furthermore, an occupier is considered to be the person in control of the premises for the purposes of premises liability. *Butcher v. Scott,* 906 S.W.2d 14, 15 (Tex. 1995). The court in *Butcher* made a distinction between a party's physical presence on the property from possession of the property, stating that "control is often the most critical issue" *Butcher v. Scott* 906 S.W.2d 14, 15 (Tex. 1995); *Cameron Cty v. Velasquez,* 668 S.W.2d 776, 780 (Tex. App.—Corpus Christi

**Gloria Lange and Don R. Lange, Individually and as Husband and Wife vs. Texas Roadhouse of Texarkana, Ltd**
**Plaintiffs' Response to Defendant's Motion for Summary Judgment**
**Page 5 of 10**

1984, writ ref'd n.r.e.); and *Wilson v. Texas Parks & Wildlife Department*, 8 S.W.3d 634, 635 (Tex. 1999).

14. The facts are undisputed over whether Defendant Texas Roadhouse of Texarkana, Ltd., controlled and managed the premises. It may be owned by two partners as franchisees of Texas Roadhouse, but "[a] person who is not an owner or an occupier but who exercises control over the premises has the duty to keep the premises in a safe condition". *Wal-Mart Stores, Inc. v. Alexander* 868 S.W.2d 322, 324 (Tex. 1993). The court in *Wal-Mart Stores, Inc. v. Alexander*, found that the control that the defendant exercised over the premises must relate to the condition or activity that caused the injury for the defendant to be liable. *Please see Exhibit I, Plaintiff's Expert Russell Kendior's Report.*

15. In our case, the Defendant Texas Roadhouse of Texarkana, Ltd., was in control of the concept design and all aspects of running the concept. The franchisees, owners, or partners exercised complete control of the inside of the restaurant, the maintenance and most importantly in our case, the "peanut policy". *Please see Exhibit J, Incident Report.*

16. In some cases, the courts have found that one who creates a dangerous condition may owe a duty even though he or she is not in control of the premises when the injury occurs. *Science Spectrum, Inc., of the Martinez*, 941 S.W.2d 910, 912 (Tex. 1997); *City of Denton v. Page*, 701 S.W.2d 831, 835 (Tex. 1986); *Strakos v. Gehring*, 360 S.W.2d 787, 790 (Tex. 1962). It is obvious that the courts in those cases looked more to the creation of a dangerous or harmful condition causing an injury to an individual rather than who was in control of the premises. *Please see*

Gloria Lange and Don R. Lange, Individually and as Husband and Wife vs. Texas Roadhouse of Texarkana, Ltd
Plaintiffs' Response to Defendant's Motion for Summary Judgment
Page 6 of 10

*Exhibit H, Deposition of Russell Kendzior (to be supplemented) and Exhibit I,*

*Expert Russell Kendzior Report(as referenced and attached herein).*

17. In order for Texas Roadhouse of Texarkana, Ltd., to be held liable for Plaintiff Gloria Lange's injuries, Texas Roadhouse of Texarkana, Ltd., must negate the following:

    "A property owner is not liable for personal injury, death, or property damage to a contractor, subcontractor, or an employee of a contractor or subcontractor who constructs, repairs, renovates, or modifies an improvement to real property, including personal injury, death or property damage arising from the failure to provide a safe workplace unless:

    (1) the property owner exercises or <u>retains some control</u> over the manner in which the work is performed, other than the right to order the work to start or stop or to inspect or receive reports; and

    (2) the property owner had <u>actual knowledge of the danger or condition</u> resulting in the personal injury, death, or property damage and <u>failed to adequately warn</u>". *Chapter 95 of the Civil Practice and Remedies Code.*

18. Again, the court looks at knowledge of the dangerous condition as well as control of the premises.

19. An issue raised by Defendant's Expert Tom Mayer, M.D. is that "given her comorbid condition", she could have slipped on a peanut shell. *Please see Exhibit L, Defense Expert Tom Mayer's Report and Exhibit M, Deposition of Defense Expert Tom Mayer (to be supplemented upon receipt from court reporter) and Exhibit O, Affidavit of Bruce A. Flint* (as to testimony). Considering Plaintiff's condition at the time of her fall on June 17, 2005, any peanut shells on the floor at Texas Roadhouse could have easily contributed to her fall and resulting injuries.

20. Another issue raised by Dr. Mayer in his deposition is his discussion of the oral reduction internal fixation versus the amputation. First, Dr. Mayer acknowledges

Gloria Lange and Don R. Lange, Individually and as Husband and Wife vs. Texas Roadhouse of Texarkana, Ltd
Plaintiffs' Response to Defendant's Motion for Summary Judgment
Page 7 of 10

he was not present during the five-day delay and did not ever treat Plaintiff Gloria Lange. Second, Dr. Mayer acknowledged that he did not review the records of Dr. Rosenthal, Plaintiff's cardiologist in Dallas, Texas who stated she could not survive the oral reduction internal fixation and second guesses Dr. Richard Hillborn at Christus St. Michael Health System. *Please see Exhibit N, Dr. Rosenthal's Medical Records.*

21. Given the facts as outlined herein, Plaintiffs Gloria Lange and Don Lange have met their burden of raising factual issues so numerous that granting summary judgment in this matter would be contrary to the law and in direct contravention of Federal Rule of Civil 56.

### E. Summary Judgment Evidence

22. In support of their Response to Defendant Texas Roadhouse of Texarkana, Ltd's Motion for Summary Judgment, Plaintiffs include the following evidence in the attached appendix:

| | |
|---|---|
| Exhibit A | Statement of Ronnie Howell |
| Exhibit B | Statement of Linda Jones |
| Exhibit C | Deposition of Linda Jones |
| Exhibit D | Deposition of Ronnie Howell |
| Exhibit E | Deposition of Plaintiff Gloria Lange |
| Exhibit F | Deposition of Don Lange |
| Exhibit G | Deposition of Sandra Lange |
| Exhibit H | Deposition of Plaintiffs' Expert Russell Kendzior |
| Exhibit I | Plaintiffs' Expert Russell Kendzior's Report |

Gloria Lange and Don R. Lange, Individually and as Husband and Wife vs. Texas Roadhouse of Texarkana, Ltd
Plaintiffs' Response to Defendant's Motion for Summary Judgment
Page 8 of 10

| | |
|---|---|
| Exhibit J. | Incident Report |
| Exhibit K. | Recorded Statement of Plaintiff Gloria Lange |
| Exhibit L. | Defense Expert Tom G. Mayer's Report |
| Exhibit M. | Deposition of Defense Expert Tom G. Mayer |
| Exhibit N. | Dr. Rosenthal's Medical Records |
| Exhibit O | Affidavit of Bruce A. Flint |

### E. Conclusion

23. The Court should deny Defendant Texas Roadhouse of Texarkana, Ltd.'s Motion for Summary Judgment as there are numerous issues of material fact which precludes summary judgment and those issues should be submitted to the jury.

24. For these reasons, Plaintiffs respectfully ask the Court to deny Defendant's Motion for Summary Judgment and allow the issues raised in this response to be submitted to a jury. In the alternative, Plaintiffs respectfully ask that the Court will grant Plaintiffs additional time to conduct further discovery and collect additional affidavits.

Respectfully submitted,

FLINT & SOYARS, P.C.
5520 Plaza Drive
Texarkana, Texas 75503
Telephone: (903) 334-8928
Facsimile: (903) 334-8853

/s/ Bruce A. Flint_____.
Bruce A. Flint
Texas Bar No. 07150100
Arkansas Bar No. 98100
**Attorney for Plaintiffs**

Gloria Lange and Don R. Lange, Individually and as Husband and Wife vs. Texas Roadhouse of Texarkana, Ltd
Plaintiffs' Response to Defendant's Motion for Summary Judgment
Page 9 of 10

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been forwarded this _____ day of May, 2008, to the following counsel of record via:

```
_____   Hand Delivery
_____   Regular Mail
_____   Certified Mail- Return Receipt Requested
_____   Facsimile
_____   Overnight Mail
_____   Federal Express
_____   E-File
```

Ms. Lisa Crittenden
GOODING & CRITTENDEN, L.L.P.
2005 Moores Lane
P.O. Box 6168
Texarkana, Texas 75505-6168
Telephone: (903) 794-3125
Fax: (903) 792-4708
Email: lisacrittenden@gooding-crittenden.com

/s/ Bruce A. Flint

Gloria Lange and Don R. Lange, Individually and as Husband and Wife vs. Texas Roadhouse of Texarkana, Ltd
Plaintiffs' Response to Defendant's Motion for Summary Judgment
Page 10 of 10